UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
JOSEPH ALEX TASHMAN,                                                 :
:
                                  Plaintiff,          :          21-CV-0801 (JMF) (GRJ)
:
          -v-                                :          ORDER ADOPTING
:          REPORT AND
KILOLO KIJAKAZI,[1]                                                  :          RECOMMENDATION
:
                                Defendant.       :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       The Court referred this case, familiarity with which is presumed, to Magistrate Judge Gary R. Jones for a Report and Recommendation. In a Report and Recommendation filed on June 27, 2022 (the "R&R"), Magistrate Judge Jones described the relevant facts and procedural history and recommended that the undersigned deny Plaintiff's Motion for Judgment on the Pleadings and grant the Commissioner's cross-motion. *See* ECF No. 22. On July 11, 2022, Plaintiff timely filed objections to the R&R. *See* ECF No. 23 ("Obj."). On August 1, 2022, the Commissioner filed a response to Plaintiff's objections. *See* ECF No. 25 ("Opp'n").[2]

       In reviewing a Report and Recommendation, a district court "may accept, reject, or

---

[1]     Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi is automatically substituted for Andrew M. Saul as Defendant. The Clerk of Court is directed to update the docket accordingly.

[2]     The Commissioner did so late and only after the Court had issued an Order to Show Cause why the objections should not be treated as unopposed. *See* ECF No. 24. (Even then, the Commissioner filed her response three minutes before midnight of the date on which she was due to show cause.) Although the Commissioner's explanation for the late filing (due to "significant work constraints," counsel "inadvertently neglected to calendar the deadline") is hardly compelling, *see* ECF No. 27, the Court will deem the response timely and consider it. The Commissioner should not expect such solicitude going forward.

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his or her original arguments.  *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Here, there is a strong argument that the clearly erroneous standard applies, as Plaintiff's three objections are largely conclusory and reiterate his original arguments.[3]  But the Court need not and does not decide the proper standard of review because, even if the *de novo* standard applies, the Court would adopt the R&R in its entirety, substantially for the reasons set forth in the Commissioner's response.  *See* Opp'n 3-13.  In brief:

- Magistrate Judge Jones correctly concluded that substantial evidence supports the ALJ's evaluation of the opinion evidence, including the ALJ's decision not to fully credit the opinions of Plaintiff's treating physician, Dr. David Tang.  R&R 8-13.  As Magistrate Judge Jones explained, the record here contains conflicting evidence and competing opinions and, in such circumstances, "it is the role of the Commissioner, and not this Court, to resolve such conflicts."  R&R 13 (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002); *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2002)).

- Magistrate Judge Jones correctly found that the ALJ's Residual Functional Capacity ("RFC") determination was "generally supported" by medical assessments in the record and, "[t]o the extent the ALJ departed somewhat from those assessments," the RFC was "supported by a reasonable reading of the treatment record, clinical examinations, imaging studies, and notes from other treating or examining physicians."  R&R 15.

---

[3]     Plaintiff does not object to Magistrate Judge Jones's conclusion that the ALJ properly evaluated his testimony, *see* R&R 16-21, and, thus, has waived any such objection.  In any event, the waiver notwithstanding, the Court has reviewed that portion of the R&R, unguided by objections, and finds it to be well reasoned and grounded in fact and law.

- There is no merit to Plaintiff's objection that the R&R failed to address his argument concerning step five of the sequential evaluation process. *See* Obj. 4. For one thing, Plaintiff's argument is expressly premised on his first two objections having merit. As discussed above, they do not. For another, the ALJ decided this case at stage four; thus, stage five is not relevant to the analysis. *See* Opp'n 13.

Accordingly, the R&R is ADOPTED in its entirety; Plaintiff's motion for judgment on the pleadings is DENIED; and the Commissioner's cross-motion is GRANTED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF Nos. 16 and 20; to substitute Kilolo Kijakazi, Acting Commissioner of the Social Security Administrator, as Defendant, *see supra* note 1; and to close the case.

SO ORDERED.

Dated: August 8, 2022
      New York, New York

                                            JESSE M. FURMAN
                                            United States District Judge